

**FILED**

JUN  4 2010

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION


| | |
|---|---|
| In re | Case No. 09-45778-E-13 |
| | Docket Control No. DNL-4 |
| RAJ SINGH, | |
| Debtor(s). | |
| | |
| RAJ SINGH, | Adv. Pro. No. 10-02154 |
| Plaintiff(s), | |
| v. | |
| | DATE: June 1, 2010 |
| STEPHEN LIPWORTH, | TIME: 2:00 p.m. |
| | DEPT: E |
| Defendant(s). | |

## – NOT FOR PUBLICATION –

### MEMORANDUM OPINION AND DECISION
### Motion to Dismiss Adversary Proceeding

The court announced its ruling at the May 11, 2010 hearing on the Motion to Dismiss. At the request of Raj Singh ("Singh") the hearing was continued three weeks to June 1, 2010, for the express purpose of allowing Singh to obtain counsel and allow counsel to present arguments Singh as the Plaintiff/Debtor as to the plausible claims which the Plaintiff/Debtor intends to prosecute if allowed to amend the complaint. The court expressly stated that if, after allowing for the three weeks as required by Singh, such counsel for Singh could not articulate a plausible claim which Singh intends to assert in an amended complaint, the court would make its tentative

1  decision the final decision.

2      Upon reviewing the Docket for a substitution of counsel, the
3  court determined that one has not been filed as of May 28, 2010.
4  The court did identify a new pleading by Singh, a document entitled
5  "Notice of Dismissal," by which Singh purports to dismiss the
6  adversary proceeding "without prejudice."

7      Pursuant to Rule 41(a), Federal Rules of Civil Procedure, and
8  Rule 7041, Federal Rules of Bankruptcy Procedure, a plaintiff has
9  the right to voluntarily dismiss an adversary proceeding at any
10 time prior to the defendant filing an answer or motion for summary
11 judgment.  In the present case, no answer or motion for summary
12 judgment was filed.  The filing of another pleading, such as the
13 present Motion to Dismiss, is not adequate to alter the rights of
14 a plaintiff under Rule 41(a).  Concha v. London, 62 F.3d 1493, 1506
15 (9th Cir. 1995).

16     The plaintiff having filed a voluntary dismissal of this
17 action prior to the filing of an answer or motion for summary
18 judgment, the Motion to Dismiss is dropped from the calendar
19 without the entry of an order.

20     The court having announced its decision to dismiss the
21 adversary proceeding with prejudice, but the order on that not
22 having been entered at the time of the voluntary dismissal by
23 Singh, and in light of the repetitive pleadings filed in several
24 bankruptcy cases and adversary proceedings by Singh, the court sets
25 ///
26 ///
27 ///
28 ///

1  forth its ruling, which was not entered, concerning the announced
2  court ordered dismissal of the ~~Adversary~~ Proceeding, attached as
3  Addendum 1.

4  Dated: June 4, 2010

RONALD H. SARGIS, Judge
United States Bankruptcy Court

3

**ADDENDUM 1**

**ANNOUNCED TENTATIVE DECISION
TO DISMISS COMPLAINT WITH PREJUDICE**

The court's tentative decision is to grant the Motion to Dismiss with prejudice.

Stephen Lipworth ("Lipworth") has filed a Motion to Dismiss the Adversary Proceeding, which is the second such proceeding filed in this bankruptcy case. In the First Adversary Proceeding, No. 09-02810, the court granted Lipworth's motion to dismiss, and granted Singh fourteen (14) days to amend that complaint. In granting the Motion to Dismiss the court issued a Memorandum Opinion and Decision addressing substantive and procedural deficiencies in the First Adversary Proceeding. Singh did not amend that complaint, but elected to file a new Adversary proceeding, the instant Adversary Proceeding, No. 10-2154 ("Second Adversary Proceeding). Since the Second Adversary Proceeding is in substance the amended complaint for which Singh was given leave to file in the First Adversary Proceeding, court adopts and incorporates that Memorandum Opinion and Decision into this decision. The Memorandum Opinion and Decision is attached to this decision as Addendum 1.

**Oral Argument at May 11, 2010 Hearing.**

At the May 11, 2010 oral argument the court received extensive oral argument from Singh concerning this adversary proceeding, how it relates to the earlier adversary proceeding filed by Singh against Lipworth and the pending adversary proceeding that Singh has filed against his ex-wife, and the various motions he has filed

4

against Lipworth in his bankruptcy cases.  The court specifically requested that Singh explain in plain English, what rights he thought he had against Lipworth that Singh was attempting to assert in this case.  Singh was unable to articulate any specific claims, and ultimately stated that he wanted to now obtain counsel and needed three weeks to do so.

The one point which Singh repeated during the oral argument, as he has done in the prior adversary proceeding against Lipworth, in the various motions filed against Lipworth, and in the adversary proceeding against his ex-wife, is that he disagrees with the determination made in state court that he used the names Suman Mehta and Kaus Singh, his sister-in-law and his brother, respectively, as he stated to the court at oral argument.  This determination by the state court, and as ordered on remand by the Third District Court of Appeal, resulted in Lipworth having a Sheriff's sale conducted for the Duplex (infra) in partial satisfaction of a judgment which Lipworth had obtained against Singh.  In the prior adversary proceeding Singh disavowed any ownership of the Duplex, and sought to litigate the rights of Suman Mehta, Kaus Singh, and Lipworth.

Singh's basic contention is that notwithstanding the determinations made in the state court, what's true is true and no matter what the state court said, he is not Suman Mehta nor Kaus Singh.  He is seeking to have a federal court make a ruling saying that he is not Suman Mehta or Kaus Singh, though Singh has not stated the purpose for such a determination.

The example which Singh has continuously used to advance his "the truth is the truth even if someone says it is different" is

that two plus two equals four, even if the state court says that it is five.  This example by Singh misses the significance of legal proceedings and the effect of a decision on the parties.

A better example to be used is that in his situation there were various facts and evidence submitted to the trial court.  From those facts and evidence the state court concluded that all of it added up to five (the finding that Singh used the names Suman Mehta and Kaus Singh to have ownership of the Duplex).  Singh argues that the state court added up the facts and evidence incorrectly and have reached the erroneous conclusion that two plus two equals five.

What Singh misunderstands in his example that when a court proceeding is concluded the court adds up the facts and evidence and comes to a conclusion.  It is not a situation that two plus two equals five, but that the court found that the·facts and evidence (which may have been 1 + 2 +2) equaled finding that Singh used the names Suman Mehta and Kaus Singh to own the Duplex. The fundamental disagreement Singh asserts is that he does not agree with the state court as to what facts and evidence (numbers) the court was adding up.

In addressing the issue of whether the court should grant the dismissal with prejudice, give leave to amend, or dismiss without prejudice, Singh first asserted that this case has a different number from the prior adversary proceeding, as well as all of the motions he has filed, discussed infra., and is different from them. The common thread through the adversary proceedings is that Lipworth enforce his judgment against Singh in state court based on the state court concluding that Singh used the names Suman Mehta or

6

1  Kaus Singh, and that Singh disputes that he used the names Suman
2  Mehta and Kaus Singh with respect to owning the Duplex.

4      The court counts at least ten (10) adversary proceedings and
5  Contested Matters (motions in bankruptcy court) in which Singh
6  asserts that he is not Suman Mehta or Kaus Singh, nine (9) of which
7  directly involved Lipworth.   This does not include the various
8  state court actions in which Singh asserted this against Lipworth,
9  including the appeal before the Third District Court of Appeal in
10  which that court determined that Singh used the names Suman Mehta
11  and Kaus Singh with respect to the Duplex and ordered the state
12  court to proceed with the Sheriff's sale.

13      At the hearing on May 11, 2010, Singh argued that the court
14  just dismiss the adversary proceeding without prejudice because
15  Singh did not intend to proceed with litigation against Lipworth
16  until Singh obtained an attorney.   Given Singh's proven track
17  record of litigation against Lipworth, such statements ring hollow
18  and are not given any credibility by the court.   Further, the court
19  has accommodated Singh's request that he be given the requested
20  three weeks to  substitute in counsel.

21      The court finds three weeks to be reasonable in that Singh has
22  been involved in this litigation with Lipworth for years.   He has
23  commenced two adversary proceedings in this court against Lipworth
24  and one against his ex-wife on the Singh-Suman Mehta-Kaus Singh
25  issue, he has filed three bankruptcy cases, prosecuted state court
26  actions, and an appeal before the Third District Court of Appeal.
27  He  is  well  versed  in  litigation  and  the  court  process.
28  Additionally, at the May 11, 2010 hearing Singh advised the court

7

1  that he had been consulting with attorneys on these various claims,

2  and that in light of that he should be allowed to amend this

3  complaint as a pro se.  Singh has been provided many opportunities

4  over an extended period of time to seek the advice of counsel

5  (which he reports to have done) and substitute that counsel into

6  the various lawsuits and bankruptcy cases he has filed.

7  **MOTION TO DISMISS SECOND ADVERSARY PROCEEDING.**

8      The present Motion seeks to dismiss the Second Adversary

9  Proceeding based on the contention that "The complaint fails to

10  state a claim because neither bankruptcy nor state law recognizes

11  either of the theories upon which Sing has based his claims in the

12  Complaint filed in the Second Adversary Action."

13      The claims advanced by Singh in the Complaint filed in the

14  Second Adversary Proceeding are:

15      —      Pursuant to a state court order Lipworth bought real
   property commonly known as 1625 and 1625 ½ 28th Street, Sacramento,
16  California.

17      —      After Singh filed bankruptcy, "[Lipworth] continued to
   harass plaintiff by attempting to take his home and thus, to make
18  him homeless."

19      —      Lipworth "refused to apply the Federal Homestead
   exemption to sell of the subject property."
20

21      —      Lipworth "refused to recognize the automatic stay."

22      —      Lipworth "refused to accept the offer of getting more
   money than he got from the sale of the [Duplex] in exchange of the
   subject property.  Thus, [Lipworth's] motive is not to satisfy the
23  judgment by taking more money.  But, [Lipworth's] motive is to
   harass [Singh] by taking [Singh's] home."
24

25  **STANDARD OF REVIEW.**

26      In considering a motion to dismiss, the court starts with the

27  basic premise that the law favors disputes being decided on their

28  merits, and a complaint should not be dismissed unless it appears

8

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to the relief. Williams v. Gorton, 529 F.2d 668, 672 (9th Cir. 1976). Any doubt with respect to whether a motion to dismiss is to be granted should be resolved in favor of the pleader. Taylor v. Breed, 58 F.R.D. 101, 105 (N.D. Cal. 1973) (citing Pond v. General Electric Co., 256 F.2d 824, 826-827 (9th Cir. 1958)). For purposes of determining the propriety of a dismissal before trial, allegations in the complaint are taken as true. Kossick v. United Fruit Co., 365 U.S. 731, 888 (1961).

When considering a motion to dismiss, the court must determine whether the complaint alleges facts sufficient for the court to conclude that a plausible claim is stated. Mere boilerplate recitation of the legal elements of a claim or legal conclusions are not sufficient. Ashcroft v. Iqbal, _____ U.S. ____, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883-884 (2009). A Motion to Dismiss for failure to state a cause of action, Rule 12(b)(6), tests the formal sufficiency of the pleadings, and is not a procedure for resolving about the facts or the substantive merits of the plaintiff's case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1356 (3rd ed. 1998); Cervantes v. City of San Diego, 5 F.3d 1273 (9th Cir. 1993).

**CLAIMS ALLEGED IN SECOND ADVERSARY PROCEEDING.**

In dismissing the First Adversary Proceeding the court extensively addressed the pleadings and claims which Singh was asserting concerning Lipworth's pre-petition purchase of the Duplex. In the First Adversary Proceeding Singh asserted that he had no interest in the Duplex, that Lipworth purported to have

purchased the Duplex prior to the commencement of this bankruptcy case, that other persons actually owned the property, and Singh wanted to litigate the rights of the alleged third-party owners against Lipworth.

In this Second Adversary Proceeding, Singh again affirmatively pleads that Lipworth purchased the Duplex at a sheriff's sale pursuant to order of the court prior to the commencement of the bankruptcy case.    Complaint, Second Adversary Proceeding, paragraph 4.  Singh also expressly alleges that Lipworth proved in state court litigation that Singh had an interest in the Duplex. Singh then alleges that he has claims against Lipworth because of the purchase of the Duplex.

Singh opposes the Motion to Dismiss by stating that through this Second Adversary Proceeding the court must determine two issues:

— Who is the owner of the Duplex?

— Is Lipworth a creditor?

Singh further contends that dismissing this Second Adversary Proceeding without determining these two issues is not justified.

In repeating his opposition to the motion to dismiss the First Adversary Proceeding, Singh contends that Lipworth "missed many steps before the motion for dismissal of the complaint and other relief.  Prior to the motion for dismissal, the following happens: a demurrer or a summary of judgment is filed; and opportunities to amend the complaint to cure defects are provided."  Singh does not provide any legal authorities or citations in support of his allegations that a motion to dismiss is not properly before this court as a responsive pleading to the Complaint.

**SUBSTANCE OF MOTION TO DISMISS.**

Rule 12(b), Federal Rules of Civil Procedure, as made applicable to this Adversary Proceeding by Rule 7012, Federal Rules of Bankruptcy Procedure, provides that a motion to dismiss may properly be filed in response to a complaint filed in federal court. Contrary to Singh's allegation that a case cannot be dismissed until after a summary judgment motion, Rule 12(b) expressly authorizes a defendant to file a motion to dismiss in response to a complaint in federal court.

Though Singh asserts that several legal theories exist upon which he wishes to base claims against Lipworth, he fails to plead facts upon which this court can conclude that he states a plausible claim. Singh concludes that Lipoworth's unidentified "actions amount to harassment and other illegal acts upon the plaintiff in violation of the Bankruptcy Laws, in violation of the laws for the Federal Fair Debt Collection and in violation of other federal laws." It is not sufficient for Singh to merely state that he alleges that Lipworth's action violate federal law, but must plead what acts he alleges violate federal law. All that he alleges is that Lipworth proved that Singh owned the Duplex and that Lipworth purchased the Duplex at a state court ordered sale prior to the commencement of the bankruptcy case.

The court cannot identify, and Singh does not address in his opposition to the Motion, what "federal homestead exemption" that Lipworth refused to apply to sell the Duplex. The court is not aware of any such "federal homestead exemption" which would have applied to a state court sale of property in enforcing a state court judgement.

Singh also alleges that Lipworth refused to recognize the automatic stay, but fails to allege any facts by which Lipworth "refused to recognize" the automatic stay in Singh's bankruptcy case.  The state court sale was completed prior to the commencement of this bankruptcy case by Singh, at which time an automatic stay would arise for Singh. 11 U.S.C. §362(a).  There are no allegations in the Complaint or opposition of any conduct by Lipworth after Singh filed bankruptcy which are asserted to violate the automatic stay.

Singh further contends that Lipworth refused to accept an "offer of getting more money than he got from the sale of the [Duplex] in exchange of the subject property." However, Singh does not allege that Lipworth, as the owner of the Duplex, had any legal obligation to accept an offer to sell the property to Singh or someone Singh designates.  Singh does not allege that he has any right of redemption following the court-ordered sale.

**DECISION.**

The Complaint in this Second Adversary Proceeding is actually the amended complaint filed by Singh against Lipworth following the court granting the motion to dismiss in the First Adversary Proceeding, with leave to amend.  Merely by adopting a strategy of jumping from one adversary proceeding to the next, rather than facing the issue of whether he can amend a complaint, Singh cannot avoid the consequences of failing to be able to plead a sufficient complaint in federal court.

Singh has failed to plead sufficient facts and advance a legal theory by which the court could conclude that a plausible claim is asserted against Lipworth. Even taking each factual allegation as

true, the Complaint in the Second Adversary Action fails to state a claim for which it appears plausible that relief can be granted to the Plaintiff.

As stated in the Memorandum Opinion and Decision for dismissal in the First Adversary Proceeding, Singh is an experience litigant, having prosecuted a number of actions in the state court, including an appeal before the Third District Court of Appeal. Though Singh appears to have been relatively unsuccessful in the state court litigation and bankruptcy court litigation to date, he has continued to represent himself and prosecute these adversary proceedings and bankruptcy cases(his third case filed in the past 12-month period is Case No. 10-28544, here in the Eastern District of California) in pro se. Such is Singh's right and he is afforded not only all of the rights, courtesies, and respect to the attorneys appearing in this court, but has been given extensive time for hearings on his various motions to develop his theories as a lay person. There is now a third adversary proceeding filed in Singh's latest Chapter 13 case, Adversary No. 10-2231, in which he asserts claims against his wife concerning issues relating to the ownership of the Duplex and that he is neither Suman Mehta nor Kaus Singh.

In granting a motion to dismiss, it is common for the court to grant the plaintiff leave to amend the complaint. As stated by the Court of Appeals for the Ninth Circuit in <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 373 (9th Cir. 1990), leave to amend is to be freely given when justice so requires. In <u>Allen</u> the Ninth Circuit states that whether leave to amend is to be granted is within the discretion of the court. <u>Id.</u>   The trial court's discretion on

13

whether to allow an amendment is "particularly broad where plaintiff has previously amended the complaint." Id., 373 (citing Fidelity Financial Corp. v. Federal Home Loan Bank, 792 F.2d 1432, 1438 (9th Cir. 1986) and Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980)).

In determining whether leave should freely be given to amend pursuant to Rule 15(a), Federal Rules of Civil Procedure, and Rule 7015 Federal Rules of Bankruptcy Procedure, five factors commonly considered by the trial court are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended his complaint. Allen, supra, 911 F.2d at 373 (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

This determination must be considered in light of the litigation which Singh has already engaged in this bankruptcy court and the state court. The court identifies the following bankruptcy cases filed by Singh in this court and the adversary proceedings or contested matters which Singh has commenced against Lipworth relating to the Duplex.

I.   Chapter 13 Case No. 09-44480

   Case Filed November 9, 2009.
   Case Dismissed November 25, 2009.

   A.   Motion to Bar Lipworth From Claiming Ownership of Duplex.

      Motion Filed November 19, 2009.

      Order Denying Motion Filed November 20, 2009.

II.  Chapter 13 Case No. 09-45778

   Case Filed November 24, 2009.
   Case Dismissed April 5, 2010.
   Notice of Appeal of Dismissal Filed April 8, 2010.

A.    Motion to Bar Lipworth From Claiming Ownership of Duplex.

Motion Filed November 25, 2009.

Order Denying Motion Filed December 21, 2009.

B.    Motion to Avoid Lien of Lipworth.

Motion Filed December 8, 2009, as Attachment M-1 to Chapter 13 Plan (Stated basis to avoid, "Debt is in Dispute").

Plan and Motion Not Set For Hearing.

C.    Motion to Stay Lipworth State Court Writ of Possession.

Motion Filed December 15 ,2009.

Order Denying Motion Filed February 12, 2010.

D.    Counter Motion Change Trustee and Stop Frauds on the Courts.

Counter Motion filed January 4, 2010.
(Counter motion to Trustee's Motion to Dismiss for Unreasonable and Prejudicial Delay).

Order Denying Counter Motion Filed April 5, 2010.

E.    Motion for Order to Show Cause re Lipworth, Lipworth's Counsel, Chapter 13 Trustee, Chapter 13 Trustee's Counsel, and Office of the United States Trustee.

Motion for Order to Show Cause Filed February 4, 2010.

Order Denying Motion for Order to Show Cause Filed March 16, 2010.

III.  Chapter 13 Case No. 10-28544

Case Filed April 2, 2010.
Case Pending.

A.    Motion for Declaration That Raj Singh is neither Suman Mehta nor Kaus Singh.

Motion Filed April 12, 2010.
Order Denying Motion Filed April 28, 2010.

IV.   Adversary Proceeding 09-02810, Filed in Case No. 09-45778

Singh v. Stephen Lipworth and Does 1-10.
Complaint Filed December 16, 2009.

1      Order Granting Motion to Dismiss, With Leave to Amend, Filed
       March 18, 2010.
2          Order Dismissing Case, Without Prejudice, April 13, 2010.

3
   V.   Adversary Proceeding 10-02154, Filed in Case No. 09-45778
4
       Singh v. Stephen Lipworth and Does 1-10.
5      Complaint Filed March 18, 2010.
       Motion to Dismiss Pending .
6

7  VI.  Adversary Proceeding 10-2231, Filed in Case No. 10-28544

8      Singh v. Karen Singh and Does 1-10.
       Complaint Filed April 28, 2010.
9      Adversary Pending.

10      Throughout all of his bankruptcy proceedings, whether by

11  Adversary proceeding or contested matter, Fed. R. Bankr. P. 9014,

12  Singh has attempted to state claims against Lipworth based on

13  Lipworth having purchased the Duplex at a state court ordered sale

14  pursuant to a judgment that Lipworth obtained against Singh.

15  Through the state court proceeding in which the judgment was

16  entered and related proceedings attacking the writ of execution and

17  writ of possession issued by the state court, Singh has asserted

18  that he did not own the Duplex and that Lipworth should not be

19  allowed to or should not have been allowed to have the Sacramento

20  County Sheriff conduct a sale of the Duplex under the state court

21  issued writ of execution and sale order.

22      The Complaint in this Second Adversary Proceeding is the

23  amended complaint from the First Adversary Proceeding.  In addition

24  to these two complaints, Singh has engaged in litigation through at

25  least seven (7) contested matters against or involving Lipworth

26  attacking Lipworth's purchase on the Duplex.

27      This is not a situation where a pro se has filed one pleading

28  and has merely inartfully attempted to state a claim.  Here, Singh

                                  16

has engaged in multiple proceedings in federal court (in addition to all of the state court litigation addressed in the Memorandum Opinion and Decision issued for the dismissal of the complaint in the First Adversary Proceeding, attached as Addendum 1). Singh has been provided multiple opportunities to amend his complaints, motions, and other contested matter pleadings to try and state a plausible claim against Lipworth. Rather than stating a plausible claim, Singh merely attempts to re-state inadequate claims, often times just cutting and pasting the pleadings from one form to another.

It is clear to the court that after all of the contested matters and multiple adversary proceedings just in this court, no further leave should be given to Singh to try and "amend" the present Complaint. Singh has documented through his litigation strategy in the federal court the futility of allowing any further amendments.

Singh has been given multiple opportunities to state plausible claims and has been unable to do so. In addition, the court has given Singh multiple opportunities to obtain counsel to prosecute whatever harassment, violation of the Federal Fair Debt Collection Practices Act, and "illegal acts" in violation of the Bankruptcy Laws and "other federal laws." Singh has either chosen not to engage such counsel or when presented with the facts of the case Singh is attempting to advance, counsel is declining the opportunity to represent Singh. Whatever the case, each time Singh has filed amended or new pleadings, they are a rehash of prior pleadings without sufficient change to plead a plausible claim.

This clearly demonstrates the futility of the court allowing

17

for further amendment to this Complaint and there being further restatements of the same, unsupported claims against Lipworth. Bankruptcy cases, contested matters, and adversary proceedings are not a carrousel of filings with no end.  Singh cannot engage in endless litigation asserting implausible claims against Lipworth relating to the state court sale of the Duplex.

The numerous adversary proceedings and contested matters to date have now worked prejudice to Lipworth, a judgment creditor of Singh.  Lipworth litigated the underlying claim and obtained a judgment in state court.  Lipworth then litigated the enforcement of the judgment against the Duplex, addressing Singh's challenges in both the trial court and the California Third District Court of Appeal.  After the matter being remanded to the state trial court with the order to proceed with the sale of the Duplex, Lipworth incurred further cost, expense, and delay in various attacks on the writ of sale and writ of possession after the sale.  Lipworth's judgment against Singh was issued February 2, 2005, and the Sheriff's sale through which Singh states that Lipworth acquired the Duplex occurred in November 2009.

Finally, the court also concludes that the various bankruptcy cases filed by Singh, the motions and contested matters within those cases, and the adversary proceedings show that these proceedings are in bad faith.  They are part of a continuing pattern by Singh of using the state and federal courts to try and wear down Lipworth and the courts.  Singh is not attempting to litigate a bona fide dispute, but use the bankruptcy proceedings and federal courts to hinder, delay, and improperly impede Lipworth as a judgment creditor.  In filing his Chapter 13 cases, Singh has

failed to adequately complete the Schedules and Statement of Financial Affairs. By his own admission, Singh has no regular income, which is required to be a debtor in a Chapter 13 case. See, 11 U.S.C. 109(e).

In the Civil Minutes constituting the findings of fact and conclusions of law in support of the order dismissing Chapter 13 Bankruptcy Case no. 09-45778, the court detailed the numerous deficiencies of Singh in this bankruptcy case. The court incorporates as part of its decision in granting this Motion to Dismiss the findings of fact and conclusions of law stated in the Civil Minutes filed on March 30, 2010, Docket Entry 116, in Chapter 13 Bankruptcy Case No. 09-45778, which are attached to these findings as Addendum 2.

The court concludes that Singh having been provided multiple opportunities to plead claims against Lipworth, given repeated opportunities to either amend or refine the pleadings so as to state a plausible claim, and failing to be able to file a Complaint in this Adversary Proceeding stating a plausible claim against Lipworth, the Adversary Proceeding is dismissed with prejudice as provided in Rule 41(b), and operates as an adjudication on the merits.

Lipworth shall file any costs bill or other request for allowable costs, fees, or expenses, within fourteen (14) days of the issuance of the order dismissing this Adversary Proceeding.

19

1    **ADDENDUM 2**

2

3    **MEMORANDUM OPINION AND DECISION**
     **DISMISSING ADVERSARY PROCEEDING NO. 09-02810**

4

5

6              UNITED STATES BANKRUPTCY COURT

7              EASTERN DISTRICT OF CALIFORNIA

8                   SACRAMENTO DIVISION

9

10   In re                          )   Case No. 09-45778-E-13
                                     )
11   RAJ SINGH,                      )
                                     )
12               Debtor(s).          )
                                     )
13   ─────────────────────────────   )
     RAJ SINGH,                      )   Adv. Pro. No. 09-02810
14                                   )
                 Plaintiff(s),       )
15   v.                              )
                                     )
16   STEPHEN LIPWORTH,               )
                                     )   DATE: March 9, 2010
17               Defendant(s).       )   TIME: 1:00 p.m.
                                     )   DEPT: E
18   ─────────────────────────────   )
                  **– NOT FOR PUBLICATION –**
19
                   **MEMORANDUM OPINION AND DECISION**
20                 **Motion to Dismiss Adversary Proceeding**

21        Stephen Lipworth ("Lipworth"), the defendant, has filed a

22   Motion to Dismiss this Adversary Proceeding commenced by Raj

23   Singh ("Singh"), the Debtor.  Lipworth has also requested that

24   the court impose a federal "pre-filing review requirement" as a

25   condition precedent to Singh filing any further lawsuits

26   concerning the subject matter of this litigation.

27   **Allegations by Lipworth in Support of Motion to Dismiss**

28        The Motion to Dismiss by Lipworth asserts that the issues at

                              20

the heart of this Adversary Proceeding relate to the real property commonly known as 1625 and 1625-1/2 29th Street, Sacramento, California, (the "Duplex") and the title to that property.  Lipworth states that on August 24, 2009, a deed was issued by the Sacramento County Sheriff to Lipworth for the Duplex pursuant to a state court issued Writ of Execution. Lipworth Declaration, paragraph 3.  Lipworth further states that the Debtor attempted to vacate the state court order authorizing the sheriff's sale, which requests were denied by the state court.  Then, after the Sheriff's Deed was delivered on or about September 18, 2009, the state court denied a motion by the Debtor to set aside the Sheriff's Sale and the title, if any, transferred to Lipworth by the Sheriff's Deed.  Lipworth Declaration, paragraph 3.

On or about November 2, 2009, trials were held in two actions for unlawful detainer commended by Lipworth in the Sacramento County Superior Court to obtain possession of the Duplex.  Lipworth Declaration, paragraph 7.  Lipworth testifies that judgment was entered in favor of Lipworth and against Singh as to the Duplex.  Though not expressly stated in the Motion or declaration, the court understands the phrase "in favor of Lipworth and against Singh" to mean that the State Court ordered that Lipworth is entitled to possession of the Duplex.

Lipworth further asserts that Singh attempted to attack the state court judgment and Writ of Possession by commencing another action in state court titled *Rico Chaca and Karen Singh v. Superior Court*, Sacramento County Superior Court, case no. 2009-800003696.  Lipworth Declaration, paragraph 7.  Lipworth does not

21

1   offer an explanation as to how Singh, who appears not to be named
2   in that action, "commenced it" in an effort to stay and set aside
3   the prior judgment and Writ.  Lipworth's testimony is that
4   requests to stay and set aside his judgment and Writ of
5   Possession were denied in the Chaca and Singh state court action.
6   Lipworth Declaration, paragraph 7.

7       Lipworth argues that to the extent Singh attempts to state a
8   cause of action for "common law fraud," the litigation privilege
9   arising under California Civil Code §47(b) bars such derivative
10  tort litigation.  It is asserted that all of the conduct at issue
11  is what occurred in the state court litigation.

12      Lipworth also makes a passing reference to the contention
13  that the Adversary Proceeding should be dismissed because the
14  Complaint filed by Singh lacks the requisite specificity
15  necessary for a fraud claim.

16      The Motion to Dismiss then transitions into a discussion of
17  the Full Faith and Credit Statute, 28 U.S.C. §1738, and the
18  preclusive effect of a state court judgment if a party attempts
19  to relitigate the same issues in a subsequent federal action.
20  Lipworth directs the court to the Bankruptcy Appellate Panel
21  decision, *In re Khaligh*, 338 B.R. 817 (9th Cir. BAP 2006),
22  reviewing issue preclusion when a matter has been previously
23  decided in state court.

24      Lipworth further alleges that the Debtor has been found to
25  be a vexatious litigant in at least 3 other state court actions.
26  The evidentiary basis for this is set forth in the Lipworth
27  declaration, paragraph 5, and Exhibits F and G in support of the
28  Motion.  As noted in the court's decision on Lipworth's related

22

motion for relief from the automatic stay, the various court
decisions attached as exhibits do not appear to be properly
authenticated as required by the Federal Rules of Evidence.  To
the extent that Lipworth provides testimony as to these facts,
they do not appear to be based on personal knowledge and are of
limited probative value.  Because a Motion to Dismiss is
determined on what is stated in the Complaint and not on
extrinsic evidence, these and other additional facts do not bear
on the Motion to Dismiss, though they could be relevant in
connection with the request for a pre-filing review requirement.

### Review of the Singh Complaint

In considering a motion to dismiss, the court starts with
the basic premise that the law favors disputes being decided on
their merits, and a complaint should not be dismissed unless it
appears beyond doubt that the plaintiff can prove no set of facts
which would entitle him to the relief sought.  *Williams v.
Gorton*, 529 F.2d 668, 672 (9th Cir. 1976).  Any doubt with
respect to whether a motion to dismiss is to be granted should be
resolved in favor of the pleader.  *Taylor v. Breed*, 58 F.R.D. 101
(N.D. Cal 1973).  For purposes of determining the propriety of a
dismissal before trial, allegations in the complaint are taken as
true.  *Kossick v. United Fruit Co.*, 365 U.S. 731, 888 (1961).

A Motion to Dismiss for failure to state a cause of action,
Rule 12(b)(6), Federal Rules of Civil Procedure,[1] tests the
formal sufficiency of the pleadings, and is not a procedure for

---

[1] Unless otherwise stated, all references to "Rule" shall be to the Federal Rules of Civil
Procedure.  Rule 12(b) is made applicable to this Adversary Action by Rule 7012, Federal Rules of
Bankruptcy Procedure.

resolving the facts or the substantive merits of the plaintiff's case. *Wright and Miller, Federal Practice and Procedure*, §1356; and *Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993). The court does not consider facts or defenses alleged by the moving party which are not found in the complaint itself.

In considering a motion to dismiss, the court starts with the plain language in the complaint setting forth the basis for the rights which are being asserted by the plaintiff. The Singh Complaint filed in this Adversary Proceeding, alleges that:

1.    The property which is the subject of the Singh Complaint is 1625 and 1625 ½ 28th Street, Sacramento, California (the "Duplex"). Singh Complaint, paragraph 4.

2.    The last owner of the Duplex was an individual named Suman Mehta, who is not Singh. Singh Complaint, paragraph 4.

3.    To obtain the Sheriff's Deed, Lipworth "illegally alleged and proved in state court" that Singh is Suman Mehta. Singh Complaint, paragraph 4.

4.    The Duplex was sold by the Sheriff to satisfy Lipworth's judgment against Singh. Singh Complaint, paragraph 4.

5.    Singh is not Suman Mehta. Singh Complaint, paragraph 4.

6.    State and Federal Courts had previously determined that Singh is not Suman Mehta. Singh Complaint, paragraph 4.

7.    The Sheriff therefore sold Singh's interest in the Duplex, which was zero, to Lipworth. Singh Complaint, paragraph 4.

8.    The sale by the Sheriff "prevented Singh and Suman Mehta from protecting the property under the Bankruptcy laws." Singh Complaint, paragraph 4.

9.    Lipworth manipulated the legal system to obtain a writ of possession for the Duplex. Singh Complaint, paragraph 4.

10.    Lipworth's actions amount to common law fraud upon Singh. Singh Complaint, paragraph 6.

11.    Lipworth's actions were malicious, fraudulent and outrageous. Singh Complaint, paragraph 7.

12.    Lipworth's actions have subjected Singh to humiliation and embarrassment, as well as fear and anxiety about the loss of home as a result.  Singh Complaint, paragraph 8.

13.    Singh seeks the bankruptcy court to bar Lipworth's claim of ownership to the property, stay the state court writ of possession, damages totaling $4,000,000, attorneys' fees, treble the action damages, and a declaration of the ownership of the Duplex.  Singh Complaint, prayer for relief.

Singh has amplified the claims he is stating in his opposition to the Motion to Dismiss.  This Opposition to the Motion to Dismiss is  similar in content and substance to other pleadings Singh has filed in his bankruptcy case, including Singh's previous request for this court to issue an order to show cause against Lipworth and other persons relating to the enforcement of the state court judgment against the Duplex.  The Singh Opposition asserts that Lipworth has fooled and manipulated the courts for more than a decade and has committed gross frauds on the courts by asserting and obtaining a state court ruling that Singh is Suman Mehta.

Singh expands the nature of the rights he believes that his is asserting through the Singh Complaint, stating that he believes he has a claim for mistaken identity based on California Code of Civil Procedure §699.510(c)(3)[2], and  28 U.S.C. §2201[3]

---

[2] C.C.P. §699.510(c)(3).

(3) If a person who is not the judgment debtor has property erroneously subject to an enforcement of judgment proceeding based upon an affidavit of identity, the person shall be entitled to the recovery of reasonable attorney's fees and costs from the judgment creditor incurred in releasing the person's property from a writ of execution, in addition to any other damages or penalties to which an aggrieved person may be entitled to by law, including the provisions of Division 4 (commencing with Section 720.010).

[3] 28 U.S.C. §2201.

(a) In a case of actual controversy within its jurisdiction,..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be

1  and §2202[4].  With respect to an unplead claim for mistaken

2  identity under C.C.P. §699.510(c), Singh does not provide any

3  explanation of how he, as a judgment debtor who asserts no

4  interest in the Duplex, can assert that is property was

5  mistakenly sold pursuant to an affidavit of identity to pay the

6  judgment of another.  Singh also does not explain how a

7  declaratory relief action lies in federal court to address an

8  issue which has previously been determined in state court

9  (Lipworth proving that Singh is Suman Mehta in order to obtain

10 the Writ of Execution and Sheriff's Deed) or how a declaration of

11 rights of third-parties as to ownership of the Duplex can be

12 advanced in this court by Singh, who affirmatively pleads that he

13 has no interest in or rights to the Duplex.

14     Singh asserts that while he did not have and does not claim

15 an interest in the Duplex, it is Kaus Singh and Suman Mehta who

16 assert an interest adverse to that of Lipworth in the Duplex.

17 Singh believes that he, rather than the third-parties, should

18 have the authority and access to the federal courts to vindicate

19 the rights of these third-parties who Singh alleges have an

20 interest in the Duplex.

21     The Singh Opposition concludes with the statement that

22 Lipworth is and was involved in gross frauds on the courts and

23

24                    sought. Any such declaration shall have the force and effect of a final

25                    judgment or decree and shall be reviewable as such....

26         [4] 28 U.S.C. § 2202. Further relief

27 Further necessary or proper relief based on a declaratory judgment or decree may be granted, after
   reasonable notice and hearing, against any adverse party whose rights have been determined by such
28 judgment.

the gross injustice in the courts, and that Lipworth "FORCED" the federal and state court to apply laws incorrectly.  The Singh Complaint does not allege and the Opposition does not state how any state or federal court was "FORCED" by Lipworth to incorrectly apply the law.

Singh filed a late Further Opposition to the Motion to Dismiss.  Though the late opposition could be stricken by the court, and notwithstanding the fact that Singh appears to have extensive experience in litigating in both the state trial courts and having represented himself in at least one appeal, the court will consider the late Further Opposition to afford Singh the benefit of all assumptions and presumptions to which he is entitled on a Motion to Dismiss.

This Further Opposition adds contentions which Singh believes he should be able to assert in the federal courts concerning what has transpired here and in the state court proceedings.  First, Singh advises the court that he is seeking a Writ of Mandate from the Ninth Circuit Court of Appeals because the Clerk's Office did not enter Lipworth's default in this Adversary Proceeding.  The court notes that Singh elected to use a noticed motion to request the entry of a default by the court, rather than using the simple request for entry of default by the clerk with the form which is available on the court's website. The Clerk's Office set the motion filed by Singh for hearing at the date and time directed by Singh.[5]  When the motion for entry

---

[5]    Pursuant to Rule 9014-1, Eastern District Local Rules of Bankruptcy Procedure, parties self select the dates for hearings on law and motion matters from a list of available dates and times for the court.

of default and default judgment was heard, the requested default could not be entered because by the time Singh's noticed hearing was conducted, a responsive pleading had been filed by Lipworth.

The Further Opposition focuses the scope of the Singh Complaint, stating that Singh is seeking to have two issues decided in this Adversary Proceeding – (1) Who (but not including Singh) is the owner of the Duplex, and (2) Is Lipworth a creditor.  These claims are not included in the Singh Complaint, and the Further Opposition does not state how either of these represent a case in controversy for Singh for commencing this adversary proceeding.

Singh repeatedly directs the court to review a California Third District Court of Appeals decision in one of the state court cases he has litigated with Lipworth.[6]  One of the conclusions that Singh draws from the DCA Opinion (without citing to any specific portion of that opinion) is that if Singh can show that Lipworth committed the alleged fraud in state court, then "The damages for the frauds on the court is losing everything to the other party and going to jail."  Singh then concludes that everything belonging to Lipworth should be awarded to Singh and Lipworth's attorney should be sent to jail.  The court notes that this DCA Opinion, to which it has been repeatedly directed to review by Singh, also contains a long review of the various state court proceedings, including determinations made by the state court concerning the use of the

---

[6]    The case is *Singh v. Lipworth*, California Third District Court of Appeal, Case No. C053762, filed June 18, 2008, which is an unpublished decision of that court.  A copy of this decision is attached as Exhibit C to the Lipworth Exhibits in Support of Motion.

names Suman Mehta and Kaus Singh as aliases by Singh, the failure of Suman Mehta and Kaus Singh to ever appear in any state court proceedings, and that Singh has consistently denied having an interest in or owning the Duplex.

The opposition also affirmatively states that as between Lipworth and Singh, the state court has already found that Singh was Suman Mehta and Archana Singh.  It also alleges that Singh, Kaus Singh, Archana Singh, and Suman Mehta have all been unable to get an attorney to represent them because no attorney wants to be involved with a case that has allegations of frauds.

### The Complaint on its Face Demonstrates that Singh Lacks Standing to Assert Claims Relating to the Ownership of the Duplex

The issue of whether the Complaint should be dismissed starts with what Singh has alleged in his Complaint.  If Singh adequately alleges a claim, then the Complaint will not be dismissed.  It is undisputed, and admitted by Singh, that Singh unequivocally asserts that he did not and does not own the Duplex.  Without citing specific conduct, Singh alleges that Lipworth was able to convince the state court that Singh actually owned the Duplex and the Duplex could be sold in enforcing Lipworth's judgment against Singh.

The Complaint does not state what Lipworth is alleged to have improperly done to convince the state court, other than to state that Lipworth "illegal proved in the State Courts that Raj Singh is Suman Mehta."  Complaint, paragraph 4.  Further Singh asserts that Lipworth has "manipulated the legal system" and Lipworth's actions amount to common law fraud.  Neither the complaint nor the Oppositions state how Singh asserts any rights

1  with respect to the Duplex that were effected by Lipworth's

2  conduct in the state court action.

### Standing, Rule 12(b)(1) and 12(b)(6)

4      Before addressing the sufficiency of the Complaint, the

5  court must first determine whether this court has jurisdiction

6  for this matter to have been brought in federal court by Singh.

7  Merely because Singh is a debtor in a Chapter 13 case does not

8  obviate the basic requirement that a person must have standing so

9  that there is a real "case in controversy" being presented to the

10  court.

11      The federal courts are not a forum for the theoretical or

12  vicarious litigation of rights of others who are not before the

13  court (with limited exceptions to this rule, such as class action

14  and other specifically authorized representative proceedings).

15  Standing must be determined to exist before the court can proceed

16  with the case. *Sacks v. Office of Foreign Assets Control*, 466

17  F.3d 764, 771. (9th Cir. 2006)

18      Though neither party identified the issue of standing, the

19  court may raise it *sua sponte*, Rule 12(h)(3), Federal Rules of

20  Civil Procedure[7].  A person must have a legally protected

21  interest, for which there is a direct stake in the outcome of the

22  federal court litigation. *Arizonans for Official English v.*

23  *Arizona*, 520 U.S. 43, 64, 117 S.Ct. 1055 (1997).  The Supreme

24  Court provided a detailed explanation of the Constitutional case

25  in controversy requirement in *Northeastern Florida Chapter of*

26  *Associated General Contractors of America v. City of Jacksonville*

27

28      [7] As made applicable to this Adversary Proceeding by Rule 7012, Federal Rules of Bankruptcy Procedure.

*Florida*, 508 U.S. 656, 663, 113 S.Ct. 2297 (1993).  The party
seeking to invoke federal court jurisdiction must demonstrate (1)
injury in fact, not merely conjectural or hypothetical injury,
(2) a causal relationship between the injury and the challenged
conduct, and (3) the prospect of obtaining relief from the injury
as a result of a favorable ruling is not too speculative, *Id.*   In
determining whether the plaintiff has the requisite standing and
the court has jurisdiction, the court may consider extrinsic
evidence.   *Roverts v. Corrothers*, 812 F.2d, 1173, 1177 9th Cir.
1987).

In the present case, to the extent that the Complaint is
based on Singh seeking a determination of whether Kaus Singh,
Suman Mehta, or Lipworth have interests in the Duplex, Singh is
not asserting a legally protected interest he has relating to the
Duplex or the issue of ownership.  Singh merely is attempting to
assert or vindicate rights of others.  Singh affirmatively states
that he has no right to or interest in the Duplex.  It is for
Kaus Singh and Suman Mehta to step up and assert their rights and
interests in the Duplex.  It is not for Singh to be their "front
man" for asserting such rights, if any.  For all the court knows,
Kaus Singh and Suman Mehta do not assert any rights to or
interest in the Duplex, and acknowledge that Lipworth has the
superior interests he asserts through the state court
proceedings.  To the extent that Singh is asserting in this
Complaint that this action is necessary so he can have the rights
of these third parties determined, he fails to meet the
Constitutional standing requirement.

31

**Rule 12(b) Failure to State a Cause of Action**

To the extent that Singh asserts he has been the victim of "common law fraud," he has standing to assert and properly plead such a claim. Though not stated in the motion or opposition, Rule 8[8] states the general rules for pleadings. Rule 8 requires (1) a short and plain statement of the grounds for the court's jurisdiction, (2) short and plain statement of the claim showing that the pleader is entitled to the relief, and (3) a demand for the relief sought. Rule 9(b)[9] has an added requirement for special matter pleading, which includes fraud claims.

> Rule 9(b).    Fraud, Mistake, Condition of Mind.
> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

For fraud, the complaint must include averments such as the time, the place, the identity of the parties involved, and the nature of the fraud or mistake. *Wright and Miller, Federal Practice and Procedure*, Civil §1241. Under California law, common law fraud is comprised of the following elements:

    (1)   A misrepresentation (the statement is actually false).

    (2)   It is known to be false by the person making the statement.

    (3)   The person making the statement intends to defraud the victim (induce reliance).

    (4)   The misrepresentation was reasonably relief upon by the victim.

---

[8]  As made applicable to this Adversary Proceeding by Rule 8, Federal Rules of Bankruptcy Procedure.

[9]  As made applicable to this Adversary Proceeding by Rule 9, Federal Rules of Bankruptcy Procedure.

1    (5)   The victim incurs damages.

2  *Lazar v. Superior Court*, 12 Cal.4th 631,638 (1996); *Kaldenbach v.*

3  *Mutual of Omaha Life Ins. Co.*, 1778 Cal. App. 4th 830 (2009); and

4  *Witkin, Summary of California Law 10th Edition*, Vol. 5 Fraud

5  §772. These elements are also found in statutory definition of

6  deceit in California, California Civil Code §1709, which is cited

7  in the Singh Opposition.

8       When the required elements of fraud are compared with the

9  pleading requirements of Rule 9(b), it becomes clear that Singh

10 does not adequately plead a claim for fraud.  This analysis

11 produces the following results:

12    (1)   A misrepresentation (the statement is actually
            false).

13

14          - The Complaint asserts that Lipworth made the
            alleged misrepresentation to the state and federal
            courts that Singh is Suman Maltha.

15

16    (2)   It is known to be false by the person making the
            statement.

17          - The Complaint alleges that Lipworth knew that Singh
            is not Suman Mehta, and therefore knew the statement
18          was false.

19    (3)   The person making the statement intends to defraud
            the victim (induce reliance).

20

21          - The Complaint alleges that Lipworth intended to
            defraud the state and federal courts, but does not
            allege that Lipworth intended to defraud Singh, the
22          plaintiff-victim in this case.

23    (4)   The misrepresentation was reasonably relief upon
            by the victim.

24

25          - The Complaint does not assert that the alleged
            misrepresentation was reasonably relief upon by the
            state and federal court, but rather that the state and
26          federal court were forced to misapply the law.  More
            significantly, it is not alleged that the Singh, the
27          plaintiff-victim in this Adversary Proceeding,
            reasonably relied upon the alleged misrepresentation.

28

(5)   The victim incurs damages.

> - The Complaint alleges that Singh has incurred
> $4,000,000.00 in damages, but does not allege that the
> damages arise from the four other elements or the
> alleged misrepresentation.   The Complaint affirmatively
> alleges that Singh did not and does not have any
> interest in the Duplex.   Rather, it appears that Singh
> believes that third-parties may be damaged to the
> extent that Lipworth asserts an interest in the Duplex
> pursuant to the Sheriff's deed.

As drafted and explained in the Oppositions, the Complaint not only fails to allege, but affirmative pleads that Singh does not satisfy several of the necessary elements to assert a claim for fraud.   Additionally, these affirmative pleadings demonstrate that Singh does not have standing because he is not attempting to assert rights he has or address wrongs done to him.

The court concludes that the Lipworth Motion to Dismiss is properly granted since Singh has failed to state a claim, as well as Singh establishing that he does not have standing to assert the claim he describes in the Complaint.

### Litigation Privilege

Lipworth also seeks dismissal of the Complaint based on the litigation privilege arising under California Civil Code §47(b). Though a plaintiff does not need to plead around anticipated defenses, if the defense is clear on the face of the complaint, then that defense can be a basis for dismissing the complaint. *McCalden v. California Library Ass'n*, 955 F.2d 1214 (9th Cir. 1990).

The California Supreme Court recently addressed the scope of the litigation privilege in *Rusheen v. Cohen*, 37 Cal.4th 1048 (2006).   In *Rusheen*, the court was presented with the issue of whether post-judgment enforcement activities, such as obtaining a

34

sister state judgment and levying on property in enforcing a
California court judgment,  were protected by the litigation
privilege when the defendant asserted that the underlying
judgment was obtained by fraud.  It was alleged in *Rusheen* that
the declaration attesting to service on the defendant was
fraudulent, and that fraud would support an independent tort
action against the judgment creditor.

The California Supreme Court states that the current
statutory privilege is a codification of the common law.  The
litigation privilege applies to all torts, with the exception of
malicious prosecution.  This grants an absolute immunity from
claims arising from communications made at or in connection with
litigation.  *Id.*, 1057.  The privilege extends to the enforcement
of the judgment, not merely the court proceedings in obtaining
the judgment.  *Id.*, 1062.  This privilege is necessary for there
to be a properly functioning judicial system and a person being
able to seek relief from the courts. *Id.*, 1063.

In *Briscoe v. LaHue*, 460 U.S. 325 (1983), and *Tenny v.
Brandlove*, 341 U.S. 367 71 (1951) the United States Supreme Court
addressed the federal common law absolute privilege in litigation
and legislative proceedings.  The Ninth Circuit Court of Appeals
addressed the California privilege in *Rodriguez v. Panayiotou*,
314 F.3d 979 (9th Cir. 2002), and its broad application to any
communication made in connection with a judicial proceeding.

Singh is correct in stating that a state law litigation
privilege cannot override all federal statutes.  In *Kimes v.
Stone*, 84 F.3d 1121 (9th Cir. 1996) the Ninth Circuit Court of
Appeals concluded that a claim arising under 42 U.S.C. §1983 or

§1985(3) could not be immunized by the litigation privilege since the claims arose under constitutional rights or statutory civil rights derived therefrom, citing to *Wyatt v. Cole*, 504 U.S. 158, 112 S.Ct. 1827 (1992). In so ruling in *Wyatt*, the Supreme Court concluded that the common law privilege would not apply when Congress created a statutory scheme and rights for which there was not a privilege at common law, it would not be presumed that an unstated privilege applied to the new statutory rights. *Wyatt*, pg 1831.

Singh also cites in his Oppositions *Yates v. Allied Intern. Credit Corp.*, 578 F. Supp. 12 51 (S.D. Cal 2008), for the proposition that the court allowed an intentional and negative infliction of emotional distress tort claims against a debt collector notwithstanding the litigation privilege. The alleged communication in *Yates* was a false police report made by a debt collector that the debtor was killing someone. The debtor then brought suit for claims under the federal Fair Debt Collection Practices Act, the California Fair Debt Collection Practices Act, negligence, and intentional and negligent infliction of emotional distress.

Contrary to Singh's representations in the Opposition, the court in *Yates* determined that the California litigation privilege precluded the plaintiff from asserting the tort claims for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.*, 1254. The District Court in *Yates* did hold that the California litigation privilege did not preclude claims arising under the California Fair Debt Collection Practices Act and the federal Fair Debt

Collection Practices Act. Since the California Legislature enacted specific provisions governing debt collection activity, some of which relate to conduct of a collector in judicial proceedings, it would render that Act meaningless if the privilege prevailed over the specific provisions of the Act.  The District Court further noted that the United States Supreme Court had already held that the federal Fair Debt Collection Practices Act applied against attorneys for their conduct in judicial proceedings.  *See*, *Heniz v. Jenkins*, 514 U.S. 291, 299, 115 S.Ct. 1489 (1995).

The only claim alleged by Singh or which can be divined from the language in the Complaint and his Opposition, is that his claim in this Adversary Proceeding relates to Lipworth obtaining and enforcing a judgment from the state court.  Singh affirmatively alleges that the wrongful conduct was Lipworth convincing the state court that the names Kaus Singh and Suman Mehta were alias for Singh, and not real third-parties who Singh asserts have an interest in the ownership of the Duplex.

Applying the litigation privilege to preclude the filing of a tort action attacking conduct of Lipworth in the state court proceedings does not leave Singh without a remedy.  Singh could assert a malicious prosecution claim to address the alleged misconduct, as well as seeking further relief from the state court pursuant to that court's inherent power to sanction improper conduct before that court.  Singh has not pleaded or alleged facts which would be the basis for a malicious prosecution claim in this Adversary Proceeding.

Based on what is alleged in the Complaint, Singh fails to

1   state a claim for which relief can be granted in light of the

2   litigation privilege as provided in Rule 12(b)(6).

3   **The Relief Sought is Beyond the Power of The Federal Court**

4   The Complaint and the Singh's Oppositions also highlight a

5   significant misunderstanding of the relationship between the

6   state and federal courts, as well as the power of each court to

7   conduct and police their respective proceedings. Singh states

8   that Singh has litigated issues with Lipworth in state court and

9   lost.  It further states that Lipworth has a judgment against

10  Singh, and has enforced that judgment against the Duplex, which

11  Singh asserts is actually owned by third-parties.

12  The Original and Further Oppositions filed by Singh state

13  that Singh is seeking to have this bankruptcy court right the

14  various wrongs Singh perceives having been done by Lipworth to

15  the state courts and other federal courts (though the federal

16  courts which have been the subject of the alleged wrongdoing are

17  not identified).  While Singh is seeking a declaration from this

18  court that Raj Singh is not Suman Mehta, Singh admits that

19  Lipworth "proved in State Courts that Raj Singh is Suman Mehta."

20  Singh Complaint, paragraph 4.

21  What Singh is clearly attempting to do from the plain

22  language of his Complaint in this Adversary Proceeding is to have

23  this bankruptcy court "overrule" what has been determined in

24  state court.  That is not the role of a federal court, as any

25  decision in the superior court is taken to the District Court of

26  Appeal if it is to be overturned.

27  Federal courts are generally precluded from granting

28  injunctive relief to direct what occurs or does not occur in

state court.  28 U.S.C. §2283, the Federal Anti-Injunction Act.
The court is unaware of any exceptions to this Act which would
apply to the ongoing state court proceedings which are the
subject of this litigation.  This court is unsure as to what
Singh believes this court can do with respect to the judgments,
orders, and writs issued by the state court judges.

The *Rooker-Feldman* Doctrine, *Rooker v. Fidelity Trust Co.*,
263 U.S. 413 (1923), confirms that federal courts, except for the
United States Supreme Court, lack the authority to reverse or
nullify a final state court judgment.  A losing party in state
court cannot file suit in federal court after the state
proceedings ended, complaining of an injury caused by the state-
court judgment and seeking review and rejection of that judgment.
*Exxon Mobil corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280,
291-292 (2005).

In cases where there are parallel state and federal court
actions, issue preclusion bars the federal court from
relitigating what has been decided in state court. As stated by
the Supreme Court, the Full Faith and Credit Act, 28 U.S.C. §
1738, requires the federal court to "give the same preclusive
effect to a state-court judgment as another court of that State
would give."  *Id.*, pg. 293.  "In short, the loser in state court
cannot avoid its fate by trying to persuade a federal district
court that the state judgment violates the loser's federal
rights." Federal Civil Procedure Before Trial, The Rutter Group,
Ch 2E-11.

In addition to the other grounds, Singh's Complaint on its
face clearly shows that he is requesting that this court violate

1   the *Rooker-Feldman* Doctrine and the Full Faith and Credit Act
2   with respect to these state court proceedings.  The Complaint is
3   very clear in that it affirmatively alleges that (1) Lipworth has
4   already proved in state court that Raj Singh is Suman Mehta, and
5   (2) pursuant to a state court judgment there was a sheriff's sale
6   based on Lipworth's judgment against Singh.  To the extent that
7   Singh wants this court to re-decide the issue of whether Singh is
8   Suman Mehta or if the order for the Sheriff's Sale is proper in
9   the enforcement of the Lipworth judgment, this trial court cannot
10  overrule the state court.

11       To the extent that Singh requests that this court determine
12  the respective rights of Kaus Singh, Suman Mehta, and Lipworth,
13  for which no one is alleging that there is a state court
14  judgment, Singh has not alleged that or sought that relief in the
15  Singh Complaint.  To the extent that such a claim was alleged,
16  Singh affirmatively asserts that he has no interest in or right
17  to the property.  Further, he does not allege any basis or
18  authority he has to assert the rights of, or bind for in any
19  decision of this court, Kaus Singh or Suman Mehta, with respect
20  to any interests Singh would assert on their behalf in an
21  adversary proceeding.  As stated above, Singh does not have
22  standing to invoke the jurisdiction of this court to decide
23  issues between third-parties concerning the Duplex in which Singh
24  affirmatively states that he did not and does not have any
25  interest.

26       For each of these separate and independent grounds, the
27  Complaint should properly be dismissed.

28

## Motion for Pre-Filing Review Condition

Lipworth requests that the court impose, as part of its inherent powers to control the proceedings in the federal courts, a condition that Singh obtain an order from this court before being allowed to commence an action in the federal courts. The Motion accurately cites various authorities and factors to be considered by a court in determining whether such an order should be issued and the rights of a person to seek relief from the federal courts qualified. Even if the court accepts the unauthenticated rulings and unpublished decisions from other courts and the statements in the Lipworth declaration, the court finds that the probative value of that evidence not sufficient for the issuance of such an order.

This court does not have before it an adequate, admissible presentation of the history of the various proceedings relating to the Singh litigation. This court cannot just accept a representation that other courts have concluded that Singh is a vexatious litigant. There has been no evidence of what is contended to be the needless costs and expenses which have been caused by Singh's alleged vexatious litigation. The fact that a party may elect to exercise the right to appeal or seek reconsideration, does not in and of itself constitute improper litigation. To the extent that the state court judges have such evidence before them, they can make such a determination. At this point in time, the only evidence before this court is the Adversary Proceeding, pleadings in response to the present motion, and the motion for issuance of an order to show cause in the parent case.

41

The court will not grant this extraordinary relief requested by Lipworth.

**The Ruling of the Court is:**

The court grants the Motion to Dismiss for each of the following separate and independent grounds,

a.   Singh does not have standing to assert any claims relating to the ownership of and right to the Duplex.

b.   Singh does not have standing to assert any rights or interests of Kaus Singh or Suman Mehta relating to the Duplex.

c.   Singh has failed to plead with sufficient specificity a fraud claim as required by Rule 9(b), Federal Rules of Civil Procedure, and has failed to state a claim under Rule 12(b)(6).

d.   Singh has affirmatively pleaded facts which establish that he fails to state a claim under Rule 12(b)(6).

e.   The litigation privilege bars the present action based on the Complaint alleging the basis of the claim(s) being Lipworth's conduct in the state court proceedings and enforcing the judgment obtained from the state court, and based upon the face of the Complaint it fails to state a claim under Rule 12(b)(6).

f.   The Complaint requests relief beyond the scope of the jurisdiction of this court to overturn judgments previously issued in the state court.

g.   The Complaint seeks to relitigate issues which Singh admits have been previously decided by the state court, which are barred under the Full Faith and Credit Act and the *Rooker-Feldman* Doctrine.

The court denies the request that a pre-litigation application and court authorization requirement be imposed on Singh before he commences any further litigation concerning the subject to the present litigation.

Dated: March 18, 2010

_/s/_____
RONALD H. SARGIS, Judge
United States Bankruptcy Court

**ADDENDUM 3**

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
DISMISSAL OF BANKRUPTCY CASE 09-45778**

123. <u>09-45778</u>-E-13L          RAJ SINGH   CONT. HEARING - MOTION
     **NLE #1**                 TO DISMISS WITH PREJUDICE WITH
                               A 180-DAY BAR TO REFILING
                               12-30-09   [<u>32</u>]

Local Rule 9014-1(f)(2) Motion.

Proper Notice Provided.  The Proof of Service filed on December 30, 2010, states that the Motion and supporting pleadings were served on Debtor (*pro se*), other parties in interest, and Office of the United States Trustee.

The Motion to Dismiss, continued from January 19, 2010, and again from March 9, 2010. was properly set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(2).  A briefing schedule was established and supplemental pleadings were filed by both parties.

**The court's decision is to find that cause exists under 11 U.S.C. §1307(c), for the court to dismiss this case.** Oral argument was presented by the parties at the scheduled hearing, where the parties shall address the issues identified in the court's tentative ruling and such other issues as are necessary and appropriate to the court's resolution of the matter.

The Trustee's initial pleading argues that Debtor has engaged in unreasonable delay which is prejudicial to creditors, failed to provide all of the information required by 11 U.S.C. §521, failed to disclose a prior chapter 7 case which was previously adjudicated by the court, and is abusing the protections of the bankruptcy code by repeatedly filing bankruptcy to pursue litigation against a creditor. In his supplemental pleadings, the Trustee also asserts the Debtor is not attempting to reorganize, does not qualify for bankruptcy protection under Chapter 13, and that he may pursue this motion to dismiss without meeting and conferring with the Debtor.

As becomes readily apparent when the court's orders on the Debtor's Motion to Have an Order to Show Cause Issued (DCN #RS-4), Motion to Avoid Lien of Creditor (M-3 Attachment to December 3, 2009 Plan), Motion for Relief From Automatic Stay (DCN #DNL-2), Motion to Barring Creditor to Claim Ownership of Duplex (DCN #RS-1), Motion for Entry of Default and Default Judgment (Adv. Pro. #09-02810, DCN #DNL-1), and Motion to Change Trustee and For an Investigation (DCN #NLE-1 Counter-Motion), it is readily apparent that the Debtor's entire focus on this case is to challenge the Sheriff's Deed obtained by Lipworth for real property commonly known as 1625 and 1625 ½ 28th Street, Sacramento, California (the "Duplex") in which the Debtor affirmatively states

1    that he did not and does not have or assert any interest in or right
2    to either prior to or in this bankruptcy case.

**TRUSTEE'S STANDING TO SEEK RELIEF UNDER 11 U.S.C. §1307(c)**
3
4    In reply to the Trustee's motion, Debtor argues that the Trustee does
     not have standing to file the motion.  In support of this contention,
     Debtor cites to In re Kutner, 3 B.R. 422, 427 (Bankr. N.D. Tex 1980).
5    In Kutner, the Bankruptcy Court discussed the differences in authority
     between a Chapter 11 Trustee and the Chapter 13 Trustee.  The Kutner
6    court concluded that the Chapter 13 Trustee is only permitted to
     appear and be heard on selected matters, and therefore the Chapter 13
7    Trustee was unable to bring a motion under 11 U.S.C. §1307(c).  Kutner,
     3 B.R. at 427.  However, several other courts have held that the
8    Chapter 13 Trustee is a "party in interest" and therefor permitted to
     bring a motion under 11 U.S.C. §1307(c).  In re Kelsey, 6 B.R. 114
9    (Bankr. S.D. Tex. 1980), In re Padalecki, 263 B.R. 785 (Bankr. W.D.
     Tex. 2001), In re White, 126 B.R. 542 (Bankr. N.D. Ill. 1991), In re
10   Faaland, 37 B.R. 407 (Bankr. D.N.D. 1984).  There is no controlling
     authority on this issue in the Ninth Circuit.
11
12   The court determines that the proper interpretation under Chapter 13
     of the Bankruptcy Code is that the Chapter 13 Trustee is a "party in
     interest" and therefore is permitted to bring a motion to dismiss
13   under 11 U.S.C. §1307(c).

14   Further, Debtor contends that the Trustee cannot bring a motion to
     dismiss without first meeting and conferring with the Debtor or filing
15   a "motion to correct the errors."  Debtor cites no statute, rule of
     procedure, or relevant case law to support these propositions.  The
16   Trustee asserts that while Local Bankruptcy Rule 4001-1(d)(2) does
     require the Trustee to meet and confer with the moving party in a
17   motion for relief from the automatic stay, such requirement is
     inapplicable here.  The court agrees.  Debtor's contentions are
18   without merit.

19   **THE DEBTOR HAS ESTABLISHED THAT HE DOES NOT**
     **QUALIFY AS A DEBTOR UNDER CHAPTER 13**
20
21   The Bankruptcy Code ("Code") restricts who may be a debtor in a
     Chapter 13 proceeding.  11 U.S.C. §109(e), inter alia, provides:

22            Only an individual with regular income that owes,
              on the date of the filing of the petition,
23            noncontingent, liquidated, unsecured debts of less
              than $ 360,475 and noncontingent, liquidated,
24            secured debts of less than $1,081,400 . . . may be
              a debtor under chapter 13 of this title.
25
26   One of the threshold requirements to be a debtor in a Chapter 13 case
     is that the debtor must be a person who has a regular income with
     which to fund a Chapter 13 Plan.  The Code defines an "individual with
27   regular income" as an "individual whose income is sufficiently stable
     and regular to enable such individual to make payments under a plan
28   under chapter 13 of this title, other than a stockbroker or a
     commodity broker."  An individual must have a regular income to make

44

plan payments, even if the proposed plan calls for plan payments of $0.00. In re Terry, 630 F.2d 634, 635 (8th Cir. 1980). In Terry, the court found the key statutory language to be "make payments," and if the debtor had no excess income from which he or she could make payments, they were not eligible for relief under Chapter 13. Id., see also In re Lindsey, 183 B.R. 624, 627 (Bankr. D. Idaho 1995). Gifts from others are not income with sufficient stability and regularity to qualify as "regular income." Gulley v. DePaola (In re Gulley), 301 B.R. 361, 365 (M.D. Ala. 2003).

Here, Debtor's Schedule B discloses that the Debtor's sole asset is $72 cash. Schedule A merely states that the Debtor's interest in the Duplex "is to be determined," and does not assert any right or interest. Schedule I is blank except for two statements: under "Occupation" Debtor typed "N.A." and at the bottom of the page, the Debtor typed "This form is not applicable until liability of debtor is decided. Debtor is unemployed." Schedule J is blank except for the statement that, "This form is not applicable as the payment will be provided by others. Expenses are paid by others." In his Statement of Financial Affairs, Debtor asserts that he had no income whatsoever over the last two years, either from employment or operation of a business, or from sources other than employment or operation of a business.

In his response to the Motion, the Debtor indicates that he is willing to amend the documents and simply needs even more time to do so. The Debtor chose to file this bankruptcy (his second Chapter 13 case, the first having been dismissed on November 25, 2009, Case No. 09-44480) on November 24, 2009. This court continued the original hearing on this Motion from January 19, 2010, to March 30, 2010, providing Debtor with 127 days to get the basic bankruptcy documents filed. The court's review of the docket reveals that the Debtor has failed to do so. The Debtor's Schedules and Statement of Financial Affairs reflect a wholesale failure to or intentional disregard for complying with the basic requirements imposed by the Bankruptcy Code on the Debtor. Rather than providing the court and parties in interest with the information required of him under the Bankruptcy Code, in his most recent filings the Debtor asserts that, "Recently, the Court of Appeal rendered a decision in favor of the debtor's family. Accordingly, debtor plans to pay all the debts against debtor as soon as he gets the money from other sources." Debtor fails to provide any further details about how this is to occur or his interest as part of the family in the judgment from the court of appeal.

From the Debtor's own statements, offered under the penalty of perjury, he affirmatively states that he does not have a source of regular income. He states for the court and parties in interest that the Debtor's expenses are paid by others, but the Debtor provides no information on the regularity or stability of these payments for his expenses. A debtor must have a stable and regular income to permit him to make payments under a Chapter 13 Plan to qualify for relief under Chapter 13. 11 U.S.C. §§101(30), 109(e). A purported appellate court decision in an unidentified action for an indefinite amount in favor of unidentified family members is not regular or stable income. Since Debtor admits that he does not have regular income from which to fund the plan, the Debtor does not qualify for relief under Chapter

13.  This is cause to either dismiss or covert the case.

The court having determined that the Debtor does not qualify for relief under Chapter 13, sufficient case exists for the court to issue relief as provided under 11 U.S.C. §1307.

**DEBTOR'S FAILURE TO REORGANIZE.**

The original Chapter 13 Plan in this case provided that the Debtor was to pay $1.00 a month for 60 months, "until the liability of the debtor is determined in state court.  All the debts are in dispute." Debtor's Plan, Docket Entry 14, filed on December 8, 2010.  As stated above, the only creditor on the Schedules is Lipworth, who is listed as disputed.  In his opposition to this Motion, Debtor's Opposition to Relief From Stay, Debtor's Motion For Issuance of an Order to Show Cause, and Debtor's Motion to Change Trustee, the Debtor has affirmatively stated that Lipworth previously obtained a judgment in state court against the Debtor and that Lipworth proceeded to enforce the judgment against the Debtor.  Nothing in the numerous pleadings filed in this case by the Debtor give the court any indication of what dispute exists as to the status of Lipworth as a creditor in this case or the obligation owing under the state court judgment.

In the December Plan the Debtor provides no other funding for any claims, and the total amount committed therein is $60.00.  For whatever reason, the Debtor never sought to obtain confirmation of the December Plan.

On March 16, 2010, as part of his opposition to the present Motion and in support of Debtor's Motion to Change Trustee, the Debtor has filed a document titled "Chapter 13 Proposed Plan."  Docket Item #105.  The Debtor seeks time to implement this "March Plan."  The "March Plan" consists of one paragraph and states in its entirety as follows:

> Debtor Raj Singh, proposes the following plan:
>
> Recently, the Court of Appeal rendered a decision in favor of the debtor's family.  Accordingly, the debtor plans to pay all the debts against debtor as soon as he gets the money from other sources.  Until that time, debtor should be allowed to find other sources of money also;' nothing should be collected from debtor and the stay should continue to protect all properties belonging to Debtor including debtor's home.

This proposed "March Plan" is not an Eastern District of California Form Plan as required by General Order 05-03, ¶2(a), which form the Debtor previously correctly used for the December Plan, and does not contain the necessary provisions for a Chapter 13 Plan.

In addition to the facially defective plans, the Debtor's failure, inability, refusal to proceed with a reorganization is further documented by the defective Petition, Schedules, Form 22C, and Statement of Financial Affairs in this case.  The Debtor has failed, both initially and continuing for the 127 days of this case, to complete the Schedules and Statement of Financial Affairs in this

case.  The Bankruptcy Code does not allow debtors to self-select what information and when they chose to provide that information in a bankruptcy case.  The statutory duties of the Debtor in this case include:

      1.  Filing –
      a.  A list of creditors
      b.  A schedule of assets and liabilities
      c.  A schedule of current income and expenses.
      d.  A statement of the debtor's financial affairs.
      e.  Copies of all payment advices or other evidence of payment received within the 60-days prior to the filing of the petition.

11 U.S.C. §521(a).  These documents must be completed in good faith and list the information therein, and are not merely procedural forms which may be filed in blank. "The debtor has a duty to prepare schedules carefully, completely, and accurately." Cusano v. Klein, 264 F.3d 936, 945-946 (9th Cir. 2001) (quoting In re Mohring, 142 B.R. 389, 394 (Bankr. E.D. Cal. 1992)).  All of these documents are executed under penalty of perjury by the Debtor, attesting that all of the information is true and correct.  An omission of accurate information is a misrepresentation by omission in the same manner as a debtor who plugs in false information merely to make the form look complete.  This information is critical to any attempt to reorganization in a Chapter 13 case and confirmation of a Chapter 13 plan.

The December Plan filed by the Debtor committed the total sum of $60, which was to be paid over 60 months, for the total payments by the Debtor for creditors.  The most recent "March Plan" commits nothing to creditors, from an undisclosed asset, which is identified as a judgment obtained by the "debtor's family" from an appellate court which for some unstated reason would be used by the Debtor to fund a Plan.  The Debtor has not listed any such litigation or claims against third-parties on Schedule B as an asset of the Statement of Financial Affairs as pending litigation.

During the 127 days since this Chapter 13 case was filed (the Debtor's undisputed second Chapter 13 case in the past 6 months) is one in which the Debtor has filed various pleadings seeking this court to re-review issues which have previously been determined in state court, to stay the state court and Lipworth from enforcing the Lipworth judgment against property in which the Debtor states he had and has no interest, and requesting the court issue an Order to Show Cause against Lipworth, Lipworth's attorney, the Chapter 13 Trustee, and the Office of the U.S. Trustee, and other unnamed persons, so that sanctions can be imposed against them.  The Debtor has chosen to expend his bankruptcy reorganization time and resources in filing pleadings in this case seeking orders from this court barring Lipworth from claiming ownership in property pursuant to a Sheriff's deed in a state court action (which the Debtor asserts is owned by non-debtor third-parties), and  disqualifying the prior judge who was assigned this case (the case was transferred to the present judge upon his recent appointment to the bench and not pursuant to the motion to disqualify).  The Debtor has also filed a motion to avoid liens (M-3

1   Attachment to the December Plan), which only states that the "debt is
    disputed."  On the same calendar as the present motion is the Debtor's
2   Counter-Motion to Change Trustee and to Stop Frauds on the Courts.  In
    all, the filings already total 112 documents in this case, without one
3   being a motion to confirm a Plan.

4   It is clear to the court that the Debtor has not, and does not, intend
    to attempt or proceed with any Chapter 13 reorganization, but instead
5   to use these proceedings to obtain a free injunction for the
    litigation as he attempts to attempt to re-litigate his state court
6   fights with Lipworth in the federal courts.  The non-bankruptcy
    litigation which has been included or pending includes not only the
7   state court action in which a judgment has been obtained by Lipworth
    against the Debtor, but two unlawful detainer actions brought by
8   Lipworth, an action asserted by Lipworth to have been brought by or on
    behalf of Singh in the names of <u>Rico Chaca and Karen Singh v. Superior</u>
9   <u>Court</u>, Sacramento County Superior Court Case No. 2009-80000369, and an
    appeal taken to the California Third District Court of Appeal which
10  was decided in favor of Lipworth enforcing his judgment against the
    Duplex in  which the Debtor has consistently stated he did not and
11  does not have an interest.  These various actions are reviewed in
    detail in the Civil Minutes of the court issued in support of its
12  order denying the Debtor's request for an Order to Show Cause, Docket
    No. 103, and the court's order granting the motion to dismiss the
13  adversary proceeding the Debtor filed against Lipworth, Adv. No. 09-
    2810, and the Civil Minutes in support of that order are incorporated
14  herein by reference and made a part of these Civil Minutes.  The
    Debtor has now filed a second adversary proceeding against Lipworth,
15  Adv. No. 10-02154, in this bankruptcy case.

16  The court concludes that the Debtor has not, is not, and does not
    intend to attempt a reorganization in this case or to confirm a
17  Chapter 13 Plan, and that cause exists under 11 U.S.C. §1307(c).

18  **DEBTOR'S FAILURE TO PROVIDE ACCURATE INFORMATION**

19  The Trustee also seeks an order pursuant to 11 U.S.C. §1307 that the
    Debtor has failed to provide accurate information, though he has
20  technically filed the Schedules and Statement of Financial Affairs
    forms required by the Bankruptcy Code.  Some of the significant facial
21  deficiencies in the forms filed by the Debtor identified by the
    Trustee and obvious from the court's review of the pleadings in this
22  case include:

23          1.  For names which the Debtor has also been known as on
    the petition he has answered "Many short form R. Singh."
24
            2.  Schedule A describes the Duplex, and states that the
25  Debtor's interest is "To be decided."

26          3.  Schedule B lists as the sole asset of the Debtor
    $72.00 in cash.  This Debtors, as he testifies in his schedules under
27  penalty of perjury,

28          a.  No Checking or Savings
            b.  No Household Goods or Furnishing

c.  No Books, Pictures, Etc.

d.  No Wearing Apparel

e.  No Firearms and sports, photographic, and other hobby equipment

f.  No interests in insurance polices, annuities, retirement benefits, stocks, partnership or bonds

g.  No cars or boats

h.  No other assets listed in any of the other categories listed on Schedule B.

4.  Schedule D lists no creditors holding secured claims

5.  Schedule E lists no creditors holding priority unsecured claims.

6.  Schedule F lists only Lipworth as the Debtor's creditor holding a general unsecured claim.

7.  Schedule G lists no executory contracts.

8.  Schedule H lists no co-debtors.

9.  Schedule I lists no income.

10. Schedule J lists no expenses.

11. Statement of Financial Affairs

a.  Question 1 – No income during the current and prior two years from employment or operation of business.

b.  Question 2 - No income during the current and prior two years other than employment or operation of business.

c.  Question 4 - Fails to list litigation, but merely states "Creditor is aware of all lawsuits."

d.  Question 5 - States that Lipworth foreclosed on the Duplex within one year of the bankruptcy filing.

e.  Question 16 – Leaves blank and fails to answer the name of the Debtor's spouse or former spouse, who is referenced in the Debtor's other pleadings in this case that the Third District Court of Appeal opinion to which the Debtor has repeatedly referred the court in other in connection with other motions in this case.

12. The Debtors Statement of Current Monthly Income and Calculation of Commitment Period (Form 22C) under penalty of perjury,

a.  Fails to state if the Debtor is married or unmarried.

b.  Fails to state any amount of income.

    c.    Fails to contain any information for computation of the Commitment Period.

    d.    Fails to contain any information for Calculation of Deductions From Income.

    e.    Fails to state any other information.

    f.    Is signed by the Debtor under penalty of perjury as being true and accurate.

It is clear that the Debtor's strategy in this case is to not provide the basic information necessary for the court, Chapter 13 Trustee, U.S. Trustee, parties in interest, and the Debtor himself to advance this case through confirmation of a plan.  Cause exists under 11 U.S.C. §1307(c).

**DEBTOR'S FAILURE TO DISCLOSE ALLEGED PRIOR CHAPTER 7 CASE**

Throughout these proceedings, the Debtor has focused on attacking the Creditor Lipworth, the Chapter 13 Trustee, and the Office of the U.S. Trustee for asserting that the Debtor was determined by another court in this District to be the debtor in a case filed in the name of Suman Mehta.   Case No. 09-34043.

In reviewing the docket from the Mehta case, the court notes that "Suman Mehta" filed the following pleadings:

    1.   *Ex-Parte* Motion to set aside sale of property to Lipworth.

    2.   Request for Order Barring Lipworth from claiming ownership of property that was the subject of the Sheriff's sale to Lipworth.  This Motion is similar in style, content, substance, and format to the pleadings filed by the Debtor in the instant case.

    3.   Second Motion for Order Barring Lipworth from claiming ownership to property that was the subject of the Sheriff's sale to Lipworth.  This Motion is similar in style, content, substance, and format to the pleadings filed by the Debtor in the instant case.

    4.   Notice of Appeal of the court's decision to dismiss the court's decision to dismiss the bankruptcy case for "Suman Metha's" failure to appear at the First Meeting of Creditors (341 Meeting).

    5.   Motion for Order to Show Cause against Lipworth for asserting an interest in property pursuant to the Sheriff's Deed. This Motion is similar in style, content, substance, and format to the pleadings filed by the Debtor in the instant case.

The court in that action denied the various requests and motions filed by "Suman Metha."

As the Debtor was told in these proceedings, this court is concerned about  what is happening in this case and what this Debtor is doing to reorganize under Chapter 13, not what may be argued about the "Suman Metha" bankruptcy filing.  While the Debtor has remained fixated on the "Suman Metha" issue, he has ignored his incomplete Schedules and Statement of Financial Affairs, has filed facially deficient Chapter 13 "Plans," and has failed or refused to file a motion to confirm a Plan.  The Debtor has chosen to invest his time and used his resources these past 127 days to file a number of other motions and a request for an order to show cause all centering on the issue of whether he is or is not Suman Metha, presumably because he believes these are his best issues and arguments in this Chapter 13 case.

All of the court's findings of fact and conclusions of law in the Suman Metha bankruptcy case were made orally on the record and this court has not been provided with a copy of those transcripts.  As such, and to avoid any delusion by the Debtor that any contentions that he is Suman Metha has any bearing on the present Motion, the court denies, without prejudice, these grounds for determining that cause exists for relief under 11 U.S.C. §1307.  The court has been and continues to be concerned only with the Debtor's conduct and lack of action in the present bankruptcy case.

**180-DAY BAR ON REFILING A BANKRUPTCY CASE.**

11 U.S.C. §109(g) specifies the basis for a Debtor being barred for 180-days from filing another case under Title 11 and 11 U.S.C. §349(a) specifies that the court may dismiss a bankruptcy case "with prejudice" for cause.  In his supplemental pleading, the Chapter 13 Trustee withdrew his request that the case be dismissed with prejudice.

Under 11 U.S.C. §109(g), a 180-day bar on the refiling of a case occurs in two specified statutory situations, which are if:

> (1) the case was dismissed by the court for wilful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

In his Motion the Chapter 13 Trustee has not identified the "orders of the court" which the Debtor has wilfully failed to abide by upon which dismissal is based.  What is clear from the pleadings filed in this case the Debtor has failed to comply with his obligations under the Bankruptcy Code, has not provided accurate information in his Schedules, Statement of Financial Affairs, and Form 22C (most of which the Debtor has elected to leave blank or advise the court and parties in interest that he will provide the information at some later date when he, the Debtor, determines appropriate).

The Debtor has chosen to advance litigation theories in the form of motions and has sought to have this court overrule or override

judgments obtained in the state court by Lipworth as the judgments are applied against non-debtor third-parties. While one can envision a party seeking an injunction against further filings by this Debtor based upon his conduct in this case and the theories upon which such a request can be based, such a request for injunctive relief has not been made in this Motion.

The Chapter 13 Trustee having sought an order of this court under 11 U.S.C. §109(g)(1), which is a self effectuating statute, and not having identified any orders of the court which the Debtor has willfully failed to abide by, the request for a 180-day stay is denied, without prejudice.

**DECISION**

11 U.S.C. §1307 provides that the court, upon cause shown, may either dismiss or convert a case to one under Chapter 7, based upon what the court concludes is in the best interests of creditors and the Estate. 11 U.S.C. §1307(c) provides, in pertinent part:

§1307. Conversion or dismissal

(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter whichever is in the best interests of creditors and the estate, for cause, including--

(1) unreasonable delay by the debtor that is prejudicial to creditors;...

(3) failure to file a plan timely under section 1321 of this title;...

(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) material default by the debtor with respect to a term of a confirmed plan;...

(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521;

(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521; or....

The court applies a "totality of the circumstances" test in determining whether cause exists under 11 U.S.C. §1307(c). In re Love, 957 F.2d 1350 (7th Cir. 1992). The "for cause" grounds

1    enumerated in this section are not exclusive.  A debtor's failure to propose a confirmable plan is also grounds for dismissing or
2    converting a Chapter 13 case.

3    Upon motion and hearing, the court may dismiss or covert a Chapter 13 case for cause. 11 U.S.C. §1307(c).  Questions of conversion or
4    dismissal must be dealt with though a two step analysis: "First, it must be determined that there is 'cause' to act[;] [s]econd, once a
5    determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors
6    and the estate.'" In re Nelson, 343 B.R. 671, 675 (9th Cir. B.A.P. 2006) (citing Ho v. Dowell (In re Ho), 274 B.R. 867, 877 (9th Cir.
7    B.A.P. 2002)).  The list of causes included in 11 U.S.C. §1307(c) is not an exhaustive list, and other causes for conversion or dismissal
8    may be considered. Nelson, 343 B.R. at 674.

9    In considering whether to convert or dismiss the case for cause, it is not the province of this court to shield Debtor from consequences of
10   his own actions at creditors' expense. In re Sobczak, 369 B.R. 512 (9th Cir. B.A.P. 2007).
11
12   The Debtor has clearly established that cause exists under multiple and independent grounds for the court to order the conversion or
13   dismissal of this case under 11 U.S.C. §1307(c).

14   For each of the following separate and independent grounds cause exists under 11 U.S.C. §1307(b) for the conversion or dismissal of
15   this bankruptcy case.

16        First, cause exists due to the Debtors wholesale failure to complete the Schedules and Statement of Financial Affairs in this
17   case.  The Debtor has been afforded 127 days in which to file the Schedules and Statement of Financial Affairs which would be at least
18   appear to be a plausible attempt to fulfill his obligations under the Bankruptcy Code.  It is clear to the court from the statements on the
19   Schedules and Statement of Financial Affairs that the Debtor will complete them at a latter date or that the information is not
20   applicable, that the Debtor has chosen not to provide the information.

21        Second, cause exists based on the Debtor stating under penalty of perjury on multiple forms that he has no regular income.  Without
22   regular income of some sort, the Debtor has established that he cannot meet the requirements to be a Chapter 13 debtor.  11 U.S.C. §§101(30),
23   §109(e).

24        Third, cause exists based on each of the Plans filed in this case by the Debtor making no provision for the payment of any money to the
25   Trustee to fund the Plan and provide for payment of creditor claims. A Plan providing for a de minimis payment of $1 a month for 60 months
26   or an undisclosed amount from an unstated action for which there is a state court appellate decision which belongs to an unidentified family
27   member are not Plans which provide for any legally recognizable payments or payments from regular monthly income.

28        Fourth, cause exists based on the Debtor demonstrating through his conduct that the purpose of the Chapter 13 case is to re-litigate

53

issues from his various state court actions and to obtain some form of injunctive relief against the state courts, Lipworth, the Chapter 13 Trustee, and the Office of the U.S. Trustee, and not to confirm a Chapter 13 Plan.

Fifth, cause exists because of the unreasonable delay in this case which is of prejudice to creditors.  The Debtor continues to expend time and resources of the Estate in advancing repetitive motions and claims seeking to enjoin the state court and Lipworth, to set aside the state court judgment and orders in the federal court, and to have Lipworth, counsel, the Chapter 13 Trustee, and Office of the U.S. Trustee held in contempt.  The Debtor is clearly using, and abusing, the jurisdiction of the federal courts under the Bankruptcy Code as a tool in his arsenal in carrying on the battle which he appears to have lost in the state court.

Sixth, cause exists because of the Debtor's failure to file a timely plan.  Merely filing a document entitled "Plan" which does have present any plausibly confirmable terms does not equal filing a plan for purposes of 11 U.S.C. §1307(c).

Seventh, cause exists because of the Debtor's *de facto* denial of confirmation by a plan which is so defective as to mandate a denial of confirmation, when the Debtor does not even attempt to set a hearing for confirmation on the grossly defective plan.

The court, having determined that cause exists under 11 U.S.C. §1307(c), the court determines that dismissal of the case is in the best interests of creditors and the Estate.

The court shall issue a minute order consistent with this ruling.

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA**

**CERTIFICATE OF MAILING**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

J. Russell Cunningham
1830 15th St
Sacramento, CA 95811

Raj Singh
PO Box 162783
Sacramento, CA 95816

**DATED:** 6/4/10

**By:** _Wendy Locke_
      **Deputy Clerk**

EDC 3-070 (New 4/21/00)

Wendy Locke